IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV58-01-MU

| | |
|---|---|
| JAMES JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MICHAEL EASLEY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed February 13, 2006.

As an initial matter the Court notes that although Plaintiff lists Michael Easley, the Governor of North Carolina, and Boyd Bennett, the Director of Prisons, as defendants, he does not connect either individual with any action that allegedly violated his constitutional rights. In fact, Plaintiff does not even mention them anywhere in the text of his Complaint. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Because Plaintiff does not allege any personal conduct by Defendants Easley or Boyd with regard to the incidents that form the basis of his Complaint he fails to state a claim against Defendants Easley and Bennett.

Plaintiff also alleges in his Complaint that Defendant Henry Nordon, Jr., a unit manager and disciplinary hearing officer, "deliberately processed a disciplinary action against me knowing full well that I did not initiate this incident on the night of 9-21-05." As to Defendant Derek James, an assistant superintendent of programs at Lanesboro, Plaintiff asserts that although he knew of the problems that Plaintiff had "with personal because of my situation with this N.C. Parole Board Comm." Defendant James still "concurred with them to place me on I-con lock-up to further do me damage . . . ." It appears that as a result of his disciplinary conviction for attacking another inmate Plaintiff was placed on Intensive Control Status and he lost visitation, telephone, and canteen privileges for six months.[1]

Even if taken as true, Plaintiff's allegations regarding his discipline claim do not rise to the level of a federal statutory or constitutional violation. In order to prevail on either a procedural or substantive due process claim, an inmate must first establish that he was deprived of "life, liberty, or property" by governmental action. See Plyler v. Moore, 100 F.3d 365 (4th Cir. 1996). In Sandin v. Conner, 515 U.S. 472 (1995), the United States Supreme Court held that discipline in segregated confinement does not present the type of atypical, significant deprivation in which a State might

---

[1] It does not appear to the Court that Plaintiff lost good time credits as a result of his disciplinary conviction. However, if he did lose good time credits, his claim concerning his recent disciplinary convictions necessarily challenges the validity of his disciplinary convictions and his loss of good time credits and therefore his exclusive means under federal law for challenging such actions would be a petition for a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997)(claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983, if a finding in favor of the plaintiff would necessarily imply the invalidity of the underlying disciplinary conviction). Plaintiff does not allege that his disciplinary convictions have been overturned and therefore his claim against these Defendants would be dismissed.

conceivably create a liberty interest. Id. at 485-86 (segregated confinement typically does not constitute an atypical or significant hardship); Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)(same); Kitchen v. Upshaw, 286 F.3d 179, 185-86 (4th Cir. 2002)(holding that denial of participation in work release does not constitute an atypical or significant hardship). Notably, Plaintiff does not assert that his intensive control confinement or loss of certain privileges imposed such an atypical hardship vis a vis ordinary prison life as to create a liberty interest in avoiding it. Consequently, Plaintiff has failed to state a claim against Defendants Nordan or James.

Plaintiff also argues in his Complaint that the North Carolina Department of Corrections refuses to "edit" his sentence. He asserts that his state sentence is incorrectly listed as life imprisonment. Plaintiff asserts that this error is an effort to keep him under the North Carolina Parole Act and deprive him from being released from prison. He further states that they refuse to promote him through the structured North Carolina Prison System. Plaintiff asks this Court, among other things, to order his release within 90 days or 6 months.

Plaintiff does not connect any of the Defendants to this claim and therefore it is not clear to the Court who exactly Plaintiff is suing. Regardless, however, of who Plaintiff is suing with regard to this claim, it must fail. Such a claim is not properly raised in the context of a § 1983 Complaint. See Preiser v. Rodriguez, 411 U.S. 475 (1973)(distinguishing habeas corpus from prisoners' rights claim; stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Moreover, to the extent Plaintiff's claim concerning the length of his sentence could somehow be construed as a proper § 1983 claim, it lacks merit. A review of Plaintiff's criminal case

history reveals that the Supreme Court of North Carolina affirmed his conviction for first degree rape and second degree burglary and his sentences of life for the rape conviction and 15 to 20 years for the burglary conviction. See State v. Jackson, 302 N.C. 101 (1981). This Court found no indication in Plaintiff's case history that his sentence was ever modified.

Finally, at the end of his Complaint Plaintiff makes a generalized complaint about the prison grievance process at all of the facilities in which he has been housed. As this Court has previously informed Plaintiff, a claim must contain specific factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989)(minimum level of factual support required). Plaintiff's generalized complaint about the prison grievance process fails to meet this burden. Moreover, the Court notes that there is no constitutional right to participate in grievance proceedings. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995).

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim.

Signed: March 8, 2006

Graham C. Mullen
United States District Judge